JOSEPH EVANS, PLAINTIFF IN ERROR, *vs.* STERLING H. GEE.
DEFENDANT IN ERROR.

It is the settled doctrine of the Supreme Court of the United States that a writ of error does not lie from the Circuit Court, on a refusal of a motion to quash an execution; such refusal not being a final judgment, under the twenty-second section of the Judiciary Act of 1789.

The opinion of the Court on the case of Boyle *vs.* Zacharie and Turner, 6 Peters, 648, cited and affirmed.

IN error to the Circuit Court of the United States for the Southern District of Alabama.

In the Circuit Court of Alabama, an action was instituted by Sterling H. Gee, the defendant in error, against Thomas Evans, on a bill of exchange drawn by Harris G. Evans in favour of Thomas Evans, on George M. Rives of Mobile, for five thousand three hundred and fifty dollars, dated 16th December, 1834, due twelve months after date, negotiable and payable at the office of discount and deposite of the Branch Bank of the United States at Mobile; for value received; and protested for non-acceptance.

The declaration does not charge that notice of the non-acceptance was given to the endorser. No proof was given at the trial of such notice.

To this declaration the defendant (the endorser of the bill) demurred, and the plaintiff was nonsuited: afterwards, at the same term, the nonsuit was struck out, and the cause continued. At the next term a jury was empannelled, who found a verdict for plaintiff, on which judgment was entered.

Thomas Evans, the defendant in this judgment, died 12th September, 1837; and, on the 16th March, 1838, a fieri facias issued on the judgment.

The administrator of the deceased made a motion to quash this execution at May term, 1838: but the Court overruled the motion; and gave judgment, sustaining the execution.

The defendant prosecuted this writ of error.

The case was argued by Mr. Key for the plaintiff in error. No counsel appeared for the defendant.

For the plaintiff in error it was contended, that the judgment of the Circuit Court was erroneous, because it did not appear on the record that a plea was filed by the defendant to the plaintiff's declaration; or that any issue was joined before the trial of the cause.

2. No notice of the non-acceptance of the bill of exchange was charged in the declaration, nor proved at the trial.

3. No judgment was given by the Court on the demurrer of the defendant.

4. The judgment of the Circuit Court sustaining the execution was erroneous.

Mr. Key stated that the cause had been brought up, mainly, upon the motion to quash the execution; and the question was, whether the Court would sustain a writ of error on that ground. He cited 4 Cranch, 324; 6 Cranch, 233, 235.; 7 Wheat. 534; 8 Peters, 259. In the case before the Court, the execution was issued against the property of a dead man. Thomas Evans died in 1837. A case was decided by this Court which goes fully up to the question in this case. Boyle *vs.* Zacharie and Turner, 6 Peters, 648.

Mr. Justice CATRON delivered the opinion of the Court.

The principal matters appearing in the record are not now open to investigation, being the same adjudged of by this Court in 1837; the report of which is found in 11 Peters, 81.

The original judgment against Thomas Evans was rendered at May term, 1836. No execution seems to have issued until 16th March, 1838, when one was taken out bearing teste the second Monday of October, 1837, and returnable the second Monday of April, 1838.

Nothing appears in the record showing that Thomas Evans was dead, save an affidavit of one of his sons, and the circumstance that the administrator's name is used in prosecuting the writ of error: but no suggestion of the death of Thomas Evans, nor any revival of the judgment against his administrator, is found.

The execution was levied on sundry slaves, and a bond given for their delivery, which recites that the execution, in virtue of which the levy was made, bore teste at May term, 1836; and to this date the writ may have had relation, by the laws of Alabama, and the facts of the case.

One of the sons of Thomas Evans made an affidavit, stating his father to have died on the 12th day of September, 1837, on which the motion to quash the execution and delivery-bond was founded. The motion was refused; but for what particular reason, does not

appear; nor does this Court feel itself authorized to inquire.    It is the settled doctrine here, that a writ of error does not lie upon the refusal of a motion to quash an execution: such record of refusal not being a final judgment in the sense of the twenty-second section of the Judiciary Act.    We will content ourselves by referring to the opinion of the Court in the cause of Boyle *vs.* Zacharie and Turner, 6 Peters, 654.    It is therefore ordered, that the writ of error be dismissed, and the supersedeas discharged.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Southern District of Alabama, and was argued by counsel.    On consideration whereof, it is ordered and adjudged by this Court, that this writ of error be, and the same is hereby, dismissed with costs; and that this cause be, and the same is hereby, remanded to the said Circuit Court, with directions to proceed therein according to law and justice.