JOHN LOEBER *vs.* J. HENRY SCHROEDER, Administrator of CATHERINE LOEBER.

*Failure to Except to Evidence—Sec. 34 of Art. 5 of the Code—Due process of Law—Constitutional law.*

Section 34 of Article 5 of the Code provides that "on an appeal from a Court of equity no objection to the competency of a witness or the admissibility of evidence * * * shall be made in the Court of Appeals, unless it shall appear by the record that such objection was made by exceptions filed in the Court from which such appeal shall have been taken." HELD:

That a party who does not avail himself at the trial of this statutory right, or of the opportunity to produce countervailing proof, but relies upon a strictly technical defence to the action, and such defence is ruled insufficient on appeal, and a decree is rendered against him, he cannot have the execution issued thereon quashed on the ground that the testimony on which the decree was based was inadmissible under the allegations of the bill, and that he had countervailing proof which he could have produced, and that the decree was in consequence void, and that he had been deprived of his property by the State without due process of law, in violation of the fourteenth amendment of the Constitution of the United States.

APPEAL from the Circuit Court No. 2 of Baltimore City.

This is an appeal from an order of the Court below, (WRIGHT, J.,) overruling the motion to quash a writ of *fieri facias,* issued out of this Court upon the decree entered against the appellant at the January Term, 1892, in the case of J. Henry Schroeder, administrator of Catherine Loeber, against John Loeber, directed to the sheriff of Baltimore City, and made returnable to the said Circuit Court. The case is stated in the opinion of this Court.

Loeber *vs.* Schroeder, Adm'r.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, ROBERTS, and McSHERRY, J., for the appellant. The Court declined to hear counsel for the appellee.

*Samuel Regester,* and *S. S. Field,* for the appellant.

*M. R. Walter,* (with whom was *L. P. Hennighausen,* on the brief,) for the appellee.

FOWLER, J., delivered the opinion of the Court.

This is the second appeal growing out of the litigation between the appellant and the appellee, and the question now presented is alleged to be a Federal one.

There are other questions argued and suggested in the elaborate brief filed by the appellant, but we think they have been already disposed of by the opinions of this Court in the former appeal, and on the motion for rehearing thereof. In order to ascertain the question presented for our consideration, we shall state briefly the history of the cause which resulted in the decree now complained of.

J. Henry Schroeder, administrator of Catherine Loeber, filed a bill in the Circuit Court No. 2 of Baltimore City, praying that her husband, John Loeber, the appellant in this case, should be decreed to pay into Court a sum of money amounting to $8,000, which was claimed as part of her estate, or that it might be declared to be a lien on certain real estate belonging to the appellant, and for general relief. The appellant here, who was defendant and appellee in the case just mentioned, answered and excepted to the bill in that case, and it was dismissed by the lower Court, on the ground that the appellee here, who was the sole defendant and appellant in the former case, as administrator, had no interest in that litigation. He then appealed

from the decree dismissing his bill, and this Court reversed that decree, and entered a decree in his favor, as administrator of Mrs. Loeber, for $8,000. A motion was filed for re-argument, and it was suggested, as one of the principal grounds for said motion, that this Court must have overlooked the fact that the contract upon which they had undertaken to decree had not been alleged in the bill.

But we held, overruling the motion, that "it was no matter whether the averments of the bill cover the case proved in the evidence or not, we are obliged to decree according to the matter established by the proof." And for this position we relied upon section 34, of Article 5, of the Code, which is a codification of the Act of 1832, chapter 302, section 5, as interpreted by this Court for more than half a century. That provision, so far as it relates to the question we are considering, is as follows: "On an appeal from a Court of equity, no objection to the competency of a witness or the admissibility of evidence * * * shall be made in the Court of Appeals, unless it shall appear by the record that such objection was made by exceptions, filed in the Court from which such appeal shall have been taken." In the case of *Harwood, et al. vs. Jones*, 10 *Gill & Johns.*, 419, which was decided in 1839, DORSEY, J., in delivering the opinion of the Court, used this language : "The decree of the County Court, it is said, must be reversed on account of the variance between the allegations of the bill and the proof in the cause. Whether there be such variance or not we have deemed it unnecessary to inquire, because, according to our interpretation of the fifth section of the Act of 1832, chapter 302, it is immaterial whether there exists such variance or not." This construction of the provision of our Code referred to, has been recognized and adhered to in a number of cases which are cited and relied upon by BRYAN, J., who delivered

the opinion of this Court on the motion for reargument made by this appellant in the case of *Schroeder, Adm'r vs. Loeber*, 75 *Md.*, 195. A final decree having then been entered in this Court in favor of the appellee, as administrator of Mrs. Loeber, he caused an execution to be issued thereon, returnable to the Circuit Court No. 2 of Baltimore City, and upon its return there, a motion was filed by the appellant, Loeber, to quash the writ, because both the decree and the writ are void. And, as we understand it, the contention is that the decree (and of course the writ of execution) is void because the Act of Assembly (Code, Art. 5, sec. 34,) as interpreted by this Court, is in violation of that part of the fourteenth Amendment of the Constitution of the United States, which declares that no "State shall deprive any person of property without due process of law." And it was very earnestly contended that this provision of the Code, as construed, is liable to this objection, because by its authority this Court undertook to decree upon a matter not alleged in the bill.

We shall confine our attention to this question, all the other questions suggested or discussed by the appellant on this appeal, having been, as we have said, fully disposed of heretofore on the former appeal and motion for re-hearing.

After quoting the definition of "due process of law" when applied to judicial proceedings as defined by the Supreme Court of the United States in *Pennoyer vs. Neff*, 95 *U. S.*, 733, namely, that it means "a course of legal proceedings according to those rules and principles which have been established in our systems of jurisprudence for the protection and enforcement of private rights," a number of cases of high authority were quoted, to give emphasis to the long established rule that a judgment or decree must be responsive to the issues presented by the pleadings.

Of course we do not deny the binding force of these authorities, for they are founded upon broad views of common justice and equity. And we fully agree that no man should be condemned or deprived of his property without a full opportunity to be heard, and that "a judgment of a Court pronounced against a party without hearing him, or *giving him an opportunity to be heard*, is not a judicial determination of his rights, and is not entitled to respect in any other tribunal." *Windsor vs. McVeigh*, 93 *U. S.*, 274. But a moment's consideration will show that this is not the character of the decree complained of. The appellant, Loeber, had a full opportunity to meet the case made by the proof offered by Schroeder, administrator, in the Court below, and if he thought the testimony on which we based our decree was inadmissible under the allegations of the bill, he had the right to except to such testimony, and thus exclude it from our consideration. But instead of availing himself of this statutory right, or of the opportunity to produce contervailing proof, which he now says he could have produced, to disprove the case made by the appellee, the appellant determined to rely upon a strictly technical defence—namely, that the appellee had no interest whatever in the matter in controversy. We held to the contrary, and proceeded to dispose of the case upon the testimony before us. And, as we have said, we are unable to perceive in what manner this section of our Code or our construction thereof, violates the provisions of the Fourteenth Amendment of the Constitution of the United States.

The appellant knew, or ought to have known, when he failed to except to the testimony on which we based our decree, that this Court, according to the rules and settled course of chancery practice in Maryland, would give that testimony its full weight, whether it was responsive to the issue made by the pleadings or not, and that the

real issue in every equity cause is, by virtue of Art. 5, section 34, of the Code, the issue made by the evidence, and not that made by the pleadings.

*Order affirmed.*

(Decided 18th November, 1892.)

The foregoing cause was taken to the Supreme Court of the United States upon writ of error. The defendant in error moved to dismiss the cause for want of jurisdiction, This motion was based on two grounds, viz., "First, that a writ of error will not lie to an order overruling a motion to quash an execution, because it is not a final judgment or decree within the meaning of the Federal statutes; secondly, that no Federal question is involved in the case."

Mr. Justice JACKSON, speaking for the Court, after stating the case, delivered the following opinion:

"It is well settled that a writ of error will not lie except to review a final judgment or decree of the highest Court of the State, and that it will not lie to an order overruling a motion to quash an execution, because a decision upon the rule or motion is not such a final judgment or decree in any suit, as is contemplated by the judiciary Acts of the General Government. Refusal to quash a writ is not a final judgment. *Boyle vs. Zacharie,* 6 *Pet.,* 657; *McCargo vs. Chapman,* 20 *How.,* 556; *Early vs. Rogers,* 16 *How.,* 599; *Amis vs. Smith,* 16 *Pet.,* 314; *Evans vs. Gee,* 14 *Pet.* 2.

"It is also well settled by the decision of this Court that the attempt to raise for the first time a Federal question, in a petition for re-hearing, after judgment, comes too late. *Texas, &c. Railway Co. vs. Southern Pacific Co.,* 137 *U. S.,* 48, 54; *Butler vs. Gage,* 138 *U. S.,* 52; *Winona & St. Peter Railroad vs. Plainview,* 143 *U. S.,* 371; *Leeper vs. Texas,* 139 *U. S.,* 462; and *Bushnell, et al. vs. Croqke Mining and Smelting Co.,* 148 *U. S.,* 682.

Loeber *vs.* Schroeder, Adm'r.

"The motion to quash the *fi. fa.* in this case on the grounds that the order of the Court of Appeals, which directed it to be issued, was void for the reasons assigned, stood upon no better footing than a petition for rehearing would have done, and suggested Federal questions for the first time, which, if they existed at all, should have been set up and interposed when the decree of the Court of Appeals was rendered on January 28, 1892.

"If any Federal question existed in the case, the attempt to raise it came too late; but we are of opinion that no Federal question really exists in the case. The provisions of the statute complained of by the plaintiff in error are manifestly not in conflict with any provision of the Constitution of the United States, or of any law of Congress passed in pursuance thereof. The said statute relates to a matter of State practice alone, and the proper construction of that statute, upon well-settled principles, rested with the State Courts. The question as to whether the plaintiff's remedy was at law or in equity was a matter dependent entirely upon local law, and involved no Federal right whatever.

"We are, therefore, of opinion that the motion to dismiss for want of jurisdiction should be sustained, and it is accordingly

*So ordered.*"