**L. J. WILLIAMS and Ada W. Williams, Appellants,**

v.

**Bernard B. BLITZ, Appellee.**

**No. 7044.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 13, 1955.

Decided Oct. 14, 1955.

Frank K. Sloan and Frank B. Gary, Columbia, S. C. (Randolph Murdaugh, Clyde A. Eltzroth, Hampton, S. C., and Cooper & Gary, Columbia, S. C., on brief), for appellants.

Arthur Rittenberg, Charleston, S. C. (Rittenberg, Seymour & Graham, Charleston, S. C., on brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and THOMSEN, District Judge.

PER CURIAM.

■ This is an appeal from an order denying a motion to set aside a default judgment, which was entered upon failure of defendants to file an answer before the date to which time for filing the answer had been extended. Appellants offered evidence to the effect that on the day before the expiration of the time they duly mailed to the clerk of the court an answer setting forth a number of counterclaims. There was evidence that this answer was not received by the clerk until some days later. The trial judge did not find whether or not the answer was mailed in time but denied the motion on the ground that the counterclaims did not constitute a meritorious defense to the action "for the reason that they are wholly unconnected with the subject matter of plaintiff's claim". We do not think that the reason given by the learned judge was legally sufficient for holding that the defense asserted in the counterclaims was not meritorious. The order will be set aside without prejudice and the case will be remanded with direction to the District Judge to find the facts as to the mailing of the answer and, if it is found not to have been mailed in time, to exercise his discretion with respect to setting aside the default. If the answer was mailed in time, the default will, of course, be set aside as matter of law. Fed.Rules Civ.Proc. rule 5(b), 28 U.S. C.A. If it was not mailed in time, the default may nevertheless, be set aside in the court's discretion, if it appears that the delay was due to excusable neglect and that the counterclaims relied on are meritorious. Whether they are connected with plaintiff's claim or not, they may be pleaded in the answer under Rule 13(b); and it will be for the court to say in its discretion whether, if meritorious, they are of such a character that the default should be set aside so as to permit their being litigated in the action instituted by plaintiff. See Lesnik v. Public Industrials Corp., 2 Cir., 144 F.2d 968.

Reversed and remanded with directions.