James E. STOKES and Arlene Green, also
known as Jane Doe Stokes, and William
T. Shirley, Appellants,

v.

A. VAN SEVENTER and Idellar V. Scheele,
Appellees.

No. 15.

Supreme Court of Alaska.

Sept. 15, 1960.

Albert Maffei, Anchorage, for appellants.

James Fisher, Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND
and AREND, JJ.

AREND, Associate Justice.

The basic problem here is whether the
courts of Alaska may by interlocutory
order or provisional remedy require the de-
fendants in an ejectment action to pay into
the registry of the court, pending judgment,
a reasonable monthly rental for their use of
the property in litigation. We say, no.
Before elaborating on our answer, however,
we need to consider first a procedural ques-
tion involved, and that is whether such an
order is an appealable order. A brief sum-
mary of the facts of the case will simplify
our treatment of the problems presented.

On October 10, 1958, the plaintiffs-ap-
pellees started an action in ejectment in the
District Court for the District (Territory)

of Alaska, Third Judicial Division against the defendants who are the appellants herein. The complaint contains the usual allegations of ownership, ouster and damage, followed by a prayer that the plaintiffs be restored to possession with damages for the withholding of such possession. In addition the plaintiffs set forth what they consider to be the reasonable rental value of the subject property and ask the court to require the defendants to pay such rent pendente lite.

In their answer the defendants deny plaintiffs' allegations as to ownership, ouster, damages and rent. Then, by way of affirmative defense, defendants allege that the tax deed, upon which the title of the plaintiffs is predicated, was invalid because the property had been subjected to a double assessment. They also claim that the tax sale was not held in the manner required by law.

Approximately four months after the commencement of the action, the plaintiffs filed their motion for the payment of rent by the defendants into the registry of the court. A formal order granting the motion was entered by the court on May 25, 1959. The defendants then moved to set aside the rent order, which was denied by order of the court on August 5, 1959. The defendants appealed from the orders so entered.

Under the rule making power vested in it by the State Constitution,[1] the Supreme Court of Alaska has declared that appeals may be taken to this court from a *final judgment* of the superior court or judge thereof in any action or proceeding, civil or criminal.[2] (Emphasis added.) This was also the rule at common law [3] and is followed in the Federal Courts.[4]

The order to pay rent in the instant case was not a final order or judgment. Appellants themselves inform this court in their brief that they are appealing from "an interlocutory order or provisional remedy." In the case of an interlocutory order some further steps are required to be taken to enable the court to adjudicate and settle the rights of the parties, while a final judgment determines the rights of the parties without further adjudication on the merits.[5] To permit the appellants to appeal from the interlocutory order under consideration here would be contrary to the general policy of this court to prohibit piecemeal disposal of litigation.[6]

However, we do not propose to send the appellants hence without relief. As this court pointed out in the case of City of Fairbanks v. Schaible,[7] when we adopted the final judgment rule, we did not make it inflexible. Provision for review of interlocutory orders was made in our Rules 23 to 33 but on a very selective basis and in the exercise of sound judicial discretion. One of the factors which will be considered by this court in exercising this discretion is whether the sound policy behind the general rule of requiring appeals to be taken only from final judgments is outweighed by the claim of the individual case that justice demands a present and immediate review of a particular non-appealable order or decision.[8] Review will also be granted where the trial court has so far departed from the accepted and usual course of judicial proceedings as to call for this court's power of supervision and review.[9] We

1. Alaska Const. art. IV, § 15.

2. Alaska Sup.Ct.R. 6.

3. Evans v. Gee, 1840, 14 Pet. 1, 39 U.S. 1, 10 L.Ed. 327.

4. McLish v. Roff, 1891, 141 U.S. 661, 665–666, 12 S.Ct. 118, 35 L.Ed. 893, 894; 6 Moore, Federal Practice, Par. 54.04 at 22 (2d ed. 1953).

5. Catlin v. U. S., 1944, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911, 916; City of Paducah v. East Tennessee Telegraph Co., 1913, 229 U.S. 476, 33 S.Ct. 816, 57 L.Ed. 1286.

6. City of Fairbanks v. Schaible, Alaska 1960, 352 P.2d 129.

7. Footnote 6.

8. Alaska Sup.Ct.R. 24. See also Rule 23 (e).

9. Alaska Sup.Ct.R. 24.

consider that both of these factors are present in the instant case and that appellants are entitled to an immediate review, and the same is hereby granted.

True, the appellants should have filed with us a petition for review instead of proceeding by the appeal route. Their mistake is understandable, inasmuch as the Supreme Court Rules were not adopted and put into effect until about one month before the appeal was taken. This did not allow very much time for counsel to become thoroughly familiar with the rules. Prior to the adoption of our rules, only final judgments of the District Courts of Alaska were reviewable in the appellate court.[10] Were we to dismiss the review proceeding here before us, the appellants would have to wait until a final judgment is entered in the court below before they may again attack the order to pay rent, because the time for filing a petition for review has long since expired. So, in the interests of justice and to prevent hardship this court upon its own motion will treat the appeal as a petition for review, as it may rightfully do under the rules.[11]

Under Supreme Court Rule 40(d)[12] the appellees could have moved to dismiss the appeal on the ground that the rent order was not an appealable order as required by Rule 6. Instead they chose to remain silent, thus causing the appellants to go to the effort and expense of having the record prepared and sent up to us, along with a brief in support of their position. In a one-page answering brief the appellees set forth the arguments that they would undoubtedly have used if this matter had been raised by a petition for review. First, they point out that the "appeal should more properly be a review under Rule 24," and then argue that the appellants cannot prevail even under that rule because they cannot meet the considerations governing the granting of review as outlined in Rule 24. They conclude that it will be no hardship on the appellants to pay the rent money into the registry of the court, for, if the appellants ultimately prevail in this litigation, the money will be returned to them. With a substantial record and the briefs of both parties before us, we feel entitled to pass upon the merits of the controversy.[13]

In the trial court the appellees as plaintiffs sought to support their motion for the order in question by a provision of Section 16-1-128, A.C.L.A.1949,[14] which declares that during the redemption period, the purchaser of real property sold at tax sale shall be entitled to the possession of the premises, with the rents, issues and profits thereof and that anyone withholding possession from such purchaser, after due notice, shall be deemed guilty of unlawful de-

10. Footnote 4, supra.

11. Alaska Sup.Ct.Rules 52 and 54(d); Myers v. Duibley, 1952, 94 Ohio App. 228, 114 N.E.2d 832, 835; Stolar v. Turner, 1945, 236 Iowa 628, 19 N.W.2d 585, wherein the court stated that the Iowa Rules of Civil Procedure relating to appellate procedure are to be applied as Rules of the Supreme Court and not as statutes, and that the Supreme Court has power to waive such rules where interests of justice demand.

12. Rule 40(d) reads as follows:
"At any time this court may entertain a motion to dismiss an appeal or petition for failure to prosecute the same or for failure to comply with these rules."

13. Accord, La Vasser v. Chesbrough Lumber Co., 1916, 190 Mich. 403, 157 N.W. 74; and Burkhart v. Burkhart, 1940, 141 Fla. 450, 193 So. 434.

14. The pertinent provision of the section reads as follows:
"* * * That from the date of sale and issuance of certificate of purchase and until redeemed, the holder of such certificate shall be entitled to the possession of the tract sold, together with the rents, issues and profits thereof, and any person who after ten days' notice and demand of possession thereof by the holder of such certificate of purchase who withholds the possession of such tract, shall be deemed guilty of unlawful detainer."

This statute was repealed in 1957 (Section 64, Chapter 174, S.L.A.1957); but that is immaterial here, because the statute does not apply to the facts and circumstances of this case as we point out in our opinion.

tainer. The relief granted by that section is for unlawful detainer and was intended for one holding a certificate of purchase during the redemption period.

■ Since the redemption period had expired and the appellees had acquired a tax deed to the premises, they properly brought their action in ejectment. Section 56-1-1, A.C.L.A.1949, provides in part that:

"Any person who has a legal estate in real property, and a present right to the possession thereof, may recover such possession, with damages for withholding the same, by an action [in ejectment]."

The rule was established long ago in Alaska that the damages mentioned in this section may be measured by the actual worth of the property to the plaintiff during the term of his ouster, that is, its rental value.[15] Appellants concede that, if the appellees prevail in the trial of this case, they, the appellees, will be entitled to the reasonable value of the property to them during the time that the appellants were in possession; but state that they can find no authority either by statute or common law for an order requiring the payment of rents into the registry of the court while the action is still pending. We surmise that, if there were any such authority, the appellees would have found and produced it.

The only case we can find at all touching upon the subject is an early Pennsylvania decision in which it was held that a court cannot require, pending an action of ejectment, security from defendant for mesne profits, or restrain defendant from collecting rents.[16] This holding, while it is not exactly in point, seems to militate against the appellees. Courts have on occasion in actions of this nature appointed receivers, but only upon a showing that there is imminent danger to the property or that its proceeds will deteriorate in value or be wasted during the pendency of the action.[17] Under our statute a receiver may be appointed in any action or proceeding, other than an action for the recovery of specific personal property, provisionally, before judgment, on the application of either party, when his right to the property which is the subject of the action or proceeding, and which is in the possession of an adverse party, is probable, and the property or its rents or profits are in danger of being lost or materially injured or impaired.[18] There is no claim on the part of the appellees and no indication in the record before us that any property or its rents or profits in this case are in danger of being lost or materially injured or impaired.

■ We cannot determine from the record whether the trial court actually weighed its authority to grant the rent order. The only reason it gave for denying the motion to set aside the order was that the appellants were guilty of laches for failure to oppose the original motion or to give any reason for their failure to so do. Since it had no legal authority to grant the rent order here on review, we find that the District Court so far departed from the accepted and usual course of judicial proceedings as to call for this court's power of supervision and review.

Review is granted. The order of May 25, 1959, granting appellees' motion to pay rent money is reversed[19] and this case is remanded to the superior court for further proceedings consistent with this opinion.

15. Kimball v. Miller, 1901, 1 Alaska 347, 351.

16. France v. French, 2 Pa.Co.Ct.R. 165. The volume containing this decision was not available to the court; so reliance is placed on the digest of the case appearing in volume 28 C.J.S. Ejectment §§ 141, 142, p. 1033.

17. 1 R. E. Clark, Law and Practice of Receivers, § 169 (3rd ed. 1959).

18. Section 55-6-91, A.C.L.A.1949.

19. This, in effect, also disposes of the order of August 5, 1959.