Will Key JEFFERSON, Appellant,

v.

SPENARD BUILDERS' SUPPLY, INC.,
an Alaskan corporation, Appellee.

No. 154.

Supreme Court of Alaska.

Nov. 29, 1961.

Will Key Jefferson, in pro. per.

Peter B. Walton, Connolly & Walton,
Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND
and AREND, JJ.

PER CURIAM.

The appellee (referred to in this opinion as Spenard) has moved to dismiss this appeal on the ground that the judgment sought to be reviewed was not "final" within the meaning of Supreme Court Rule 6.[1]

Spenard commenced this action against Jefferson and other defendants to foreclose a lien on certain real property in the City of Anchorage. The complaint alleged that materials of a value in excess of $7,000 were furnished at Jefferson's request and used by him in the construction of a building on the property. Jefferson filed with the court an answer to the complaint on February 24, 1960, but this answer was not accompanied by proof of service on Spenard.

Based upon counsel's affidavit that Jefferson had failed to serve his answer, Spenard moved to strike the answer and to enter Jefferson's default. A few days prior to the hearing on this motion Jefferson served and filed his affidavit in which he alleged that he had served his answer by mailing a copy to Spenard's counsel on February 24, 1960, which was the twentieth day following service of the summons and complaint.[2] On July 15, after hearing arguments on behalf of the parties, the court entered an order striking the answer from the records of the court and entering the default of Jefferson for failure to answer or otherwise defend as provided by the rules.

Subsequently, another judge signed a judgment by default providing for a foreclosure of Spenard's lien and a sale of the property. This was applicable only to Jefferson, the last paragraph of the judgment providing that—

" * * * with respect to the remaining defendants named in the above entitled action, a further hearing shall be held to determine the validity and right of plaintiff's lien against said remaining defendants; it being the intent and purpose of this partial judgment to adjudicate merely the rights of the plaintiff with respect to defendant Jefferson and persons claiming by, through or under him."

It is from this judgment that Jefferson has appealed.

The basis for Spenard's motion to dismiss is technically sound. The judgment did not contain an "express determination that there is no just reason for delay" nor an "express direction for the entry of judgment", both of which are requisites for finality where an action involves multiple claims for relief or multiple parties.[3] Appeals may not be taken from judgments that are not final.[4]

Rule 54(b) serves a useful purpose. It establishes a policy against piecemeal review, undesirable because of attendant inconvenience and costs; and at the same time it affords the remedy of appeal in the infrequent case where there is present the danger of hardship and denial of justice through delay. The power to determine the quality of an adjudication of an issue as to one of several parties is left to the

1. The rule states in part that "An appeal may be taken to this court from a final judgment entered by the superior court * * *."

2. Civil R. 12(a) provides in part that "A defendant shall serve his answer within 20 days after the service of the summons and complaint upon him, * * *."

3. Civil R. 54(b) provides: "When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all of the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

4. Supreme Ct.R. 6, supra, note 1. Stokes v. Van Seventer, No. 15, 355 P.2d 594, 595 (Alaska 1960).

discretion of the trial judge. This is sensible because he has first hand knowledge of the litigation, and is able to decide the best time at which to terminate it by final judgment as to one party and open the way to immediate review by way of appeal.[5]

■ The judgment as it reads, not containing the determination provided by the rule, could be considered as nonappealable for lack of finality. But the trial judge's discretionary power is not absolute. This court has the authority to review any order or decision of the superior court, regardless of the concept of finality, when in the exercise of a sound discretion it finds the policy permitting appeals only from final decisions to be outweighed by the need for early consideration of a nonappealable order.[6]

■ It is apparent to us that such need exists in this case. The complaint and amended complaint sought relief against a number of defendants. But the chief elements of Spenard's case related only to the defendant Jefferson. It was he, and not the others, who allegedly requested and promised to pay for the materials furnished by Spenard, and who used the materials in the construction of a building on the property against which Spenard sought to foreclose its lien. These allegations were found to be facts when a judgment by default was taken against Jefferson; and in addition, the amount of Spenard's claim as to value of materials was there established. Considering the nature and present status of Spenard's claims against the remaining defendants, as shown from the record, it is doubtful that any determination of issues that may exist as to them will necessitate a revision of those aspects of the findings and judgment as to Jefferson.[7]

In addition, it appears from the record that there may be considerable delay in bringing this litigation to the point of final termination. On February 23, 1960 Spenard granted three of the defendants an indefinite continuance during which to answer the complaint. The action was commenced on February 14, 1960, and on May 12, 1961 an order was entered authorizing substituted service by publication on four other defendants. The record on appeal, which was completed on August 16, 1961, does not show what steps, if any, have been taken to effect such substituted service.

■ In the light of this record, it is difficult to believe that the court below, by its silence, intended to render the judgment not final. The withholding of the express determination that "there is no just reason for delay" may have been inadvertent, particularly since this aspect of finality or lack of it was not brought to the court's attention. In this situation we could adopt the practice followed by some federal courts and suggest to the court below that the requisite determination be made. Another appeal could then be taken.[8] But this would seem to involve a needless expenditure of time and effort when this court, unlike the federal courts of appeals, has the discretionary authority to review any judgment that is not final; and when it has the further authority, which has been exercised in the past, to treat an appeal as a petition for review and decide the issues accordingly.[9] This we propose to do.

■ This case raises issues as to the propriety of striking Jefferson's answer and entering his default, and entering a judgment by default against him. Considering the latter point first, the record does not dis-

5. 6 Moore, Federal Practice § 54.41 [3], at 263 (2d ed. 1953); Bendix Aviation Corp. v. Glass, 195 F.2d 267, 272, 38 A.L.R.2d 356 (3d Cir. 1952).

6. Supreme Ct.R. 23–33; City of Fairbanks v. Schaible, No. 38, 352 P.2d 129 (Alaska 1960).

7. These pertain to the delivery of materials at Jefferson's request, his promise to pay for them, their value, and the fact that they were used by him in the construction of a building on the property involved.

8. Republic of China v. American Express Co., 190 F.2d 334, 339–340 (2d Cir. 1951); Etten v. Kauffman, 179 F.2d 302 (3d Cir. 1950).

9. Stokes v. Van Seventer, No. 15, 355 P. 2d 594, 596 (Alaska 1960).

close that Jefferson was served with written notice of the application for judgment. Since he had appeared in the action, we hold that he was entitled to such notice [10] and its absence is ground for setting the judgment aside.[11]

We also hold that the action of the court in striking Jefferson's answer and entering his default cannot be sustained. The judge gave no reasons for his action, and we can only assume that it was based on the affidavit of Spenard's counsel that there had been no timely service upon him of Jefferson's answer to the complaint. But Jefferson controverted that assertion by his statement under oath to the effect that he had mailed his answer to counsel on the last day that service could be made under Rule 12(a). In this state of the record, the affidavit of Spenard's attorney that service was not made can mean no more than that the answer was not received by him.[12] In fact, counsel stated this to the court at the time of the hearing on the motion to strike

and to have the default entered, by saying: "I put an affidavit in here that I have not received an answer."

We cannot assume from this record that the trial judge found the answer was not mailed in time. If mailing was timely, as Jefferson swears it was, there was no basis for entry of his default; for under Civil Rule 5(b) service by mail is complete upon mailing.

The motion to dismiss the appeal is denied. The default judgment will be set aside. The case will be remanded with directions to the court below to find the facts as to the mailing of the answer. If the answer was mailed in time, the default must be set aside by reason of Civil Rule 5(b). If it is found that the answer was not mailed in time, the court may nevertheless set aside the default in its discretion,[13] if it appears that the delay was due to excusable neglect and that the answer raises a meritorious defense,[14] or if the court finds that the equities of the case warrant such relief.

10. Civil R. 55(c) (1) provides in part that "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."

11. Commercial Casualty Ins. Co. v. White Line Transfer & Storage Co., 114 F.2d 946, 947–948 (8 Cir.1940); Savoretti v. Rodriguez-Jiminez, 252 F.2d 290 (5 Cir. 1958).

12. Rifkin v. United States Lines, 24 F.R.D. 122, 123 (S.D.N.Y.1959).

13. Civil R. 55(e).

14. Williams v. Blitz, 226 F.2d 463, 464 (4 Cir.1955).