**ALEUTIAN REGION R. E. A. A., Appellant,**

v.

**George WOLANSKY and State of Alaska, Appellees.**

No. 5098.

Supreme Court of Alaska.

June 26, 1981.

William M. Bankston, Bankston & McCollum, Anchorage, for appellant.

John B. Patterson, Anchorage, for appellee Wolansky.

Carolyn Jones, Asst. Atty. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee State of Alaska.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.*

## OPINION

BURKE, Justice.

This action was brought by George Wolansky against the State of Alaska and the

* Dimond, Senior Justice, sitting by assignment made pursuant to Article IV, section 16 of the Alaska Constitution.

Aleutian Region School District to enforce a prior judgment against the state through its agent the Alaska Unorganized Borough School District and to recover damages resulting from the lack of enforcement of that judgment. The Aleutian Region School District cross-claimed against the state, asking for indemnification for its costs and any relief granted to Wolansky. The superior court granted partial summary judgment, dismissing Wolansky's claims against the state, and ordering the Aleutian Region School District to instate Wolansky as a teacher, and to pay all damages incurred by Wolansky. The Aleutian Region School District appeals from that judgment.

Prior to 1975 the public education system in Alaska's unorganized borough was administered by the Alaska State-Operated School System. On July 1, 1975, the state legislature provided for the relinquishment of state control over the education system in the unorganized borough and the establishment of independent local school districts. Ch. 124 SLA 1975. To facilitate this transition, the legislature created the Alaska Unorganized Borough School District (AUBSD), which was to act as a temporary governing body from July 1, 1975 until June 30, 1976, during which time the independent school boards would be organized. Ch. 124, § 38, SLA 1975. It was during this interim period that Wolansky, who had been a certified and tenured teacher with the Alaska State-Operated School System and then with the AUBSD, was fired by the AUBSD.

On May 26, 1976, Wolansky sought judicial review of the AUBSD decision in the superior court. The superior court found that Wolansky had been wrongfully dismissed, and ordered the AUBSD to reinstate Wolansky and to pay him $53,936.95 in back pay. However, by the time the superior court issued its judgment, the AUBSD no longer existed. In the area where Wolansky had taught, the education system was now administered by the Aleutian Region School District (ARSD). On April 21, 1980, in an unpublished memorandum opinion,

this court affirmed the decision of the lower court and also held that the ARSD was not an indispensible party to the action. *State v. Wolansky*, Mem.Op. & Judg. No. 59 (Alaska, April 21, 1980) [hereinafter cited as *Wolansky I*]. However, we expressed no view as to whether the judgment was binding on the ARSD.

Pursuant to the superior court's judgment in *Wolansky I*, and in reliance on the authority of chapter 124, section 41(a) of the Session Laws and AS 14.20.147(a),[1] which govern the transfer of certified teachers from the AUBSD to the newly organized school boards, Wolansky immediately sought instatement within the Aleutian Region School District. The ARSD refused Wolansky's request, and on January 24, 1979, Wolansky initiated the present action against the ARSD and the state. The superior court granted partial summary judgment in favor of Wolansky and the state, refusing to decide the ARSD's indemnification claim against the state until certain facts were determined.

The first issue for review is whether the superior court followed the requisites of Civil Rule 54(b) as to entering a final judgment. Rule 54(b) allows a trial court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Appeals may not be taken from judgments that are not final. Alaska R.App.P. 202(a).

In the present action, the superior court applied Rule 54(b) after determining that the ARSD was liable for the damages incurred by Wolansky after the date upon which the ARSD refused to employ him. The court then ordered the entry of a final judgment even though it could not yet determine the precise amount of the damages. However, an order adjudicating liability but leaving damages to be subsequently deter-

1. See note 5 *infra*.

mined generally lacks finality.[2] Although an exception to this rule arises when it appears that one of the parties would otherwise be subjected to irreparable injury,[3] it does not appear that such a possibility exists in this case, since Wolansky's damages must be determined before he can recover them and any harm resulting from further delay could be compensable by an award of additional damages. Therefore, the 54(b) severance was improper. Nevertheless, we will exercise our discretionary power to treat this appeal as a petition for review and address the merits of the action. Alaska R.App.P. 402, 403, 521; *Jefferson v. Spenard Builders' Supply, Inc.*, 366 P.2d 714, 716 (Alaska 1961).

■ The ARSD claims that it has no obligation to hire Wolansky as a teacher. All certified teachers who served with the State Operated School System, and who were also retained for the 1975–1976 school year by the AUBSD must be hired by the newly created independent local school boards.[4] The ARSD does *not* contend that since it was not a party to *Wolansky I* it should have an opportunity to litigate the question of whether Wolansky was wrongfully fired by the AUBSD. Rather, the ARSD claims that Wolansky was not in fact a "retained" teacher by the AUBSD, as required by the statutes, for the 1975–1976 school year, and thus the decision in *Wolansky I* has no application to the ARSD.

We believe that the purpose of the transfer statutes would be furthered if the meaning of "retained" teachers encompasses those teachers who should have been retained during the 1975–1976 school year. Thus, the decision of *Wolansky I* made the AUBSD's dismissal of Wolansky void ab initio, and Wolansky was a "retained" teacher for the purpose of the transfer statutes. The ARSD therefore had an obligation to instate Wolansky as a teacher within the school district, and is at least responsible for the damages incurred by Wolansky after the date the ARSD refused to hire him.

■ The more difficult question is whether the ARSD is also liable to Wolansky for the $53,936.95 judgment in *Wolansky I*. AS 14.20.147(a) also provides, "Accumulated or earned benefits, including but not limited to, seniority, salary level, tenure, leave, and retirement, accompany the teacher who is transferred." However, Chapter 124, section 39(c) of the 1975 Session Laws states, that "After June 30, 1976, the remaining debts of the State-Operated School System shall be assumed by the state and paid from appropriations for that purpose from the general fund."

If these provisions are to be reconciled with each other it must be determined whether AS 14.20.147(a) includes back pay. Considering the types of benefits listed in AS 14.20.147(a), it is clear that back pay is not a benefit for the purpose of AS 14.20.-147(a). The statute refers to benefits that are intangible, such as salary level and tenure, and fringe benefits such as retirement. Thus, back pay must be part of the "remaining debts" of the State-Operated School System, and is collectible from the state under section 39(c) of chapter 124 of the 1975 Session Laws. The lower court was in error in finding that the ARSD was liable for the damages in *Wolansky I*.

■ The final issue for review is whether Wolansky's claims against the state were

---

2.  9 J. Moore, Federal Practice ¶ 110.11, at 138 (2d ed. 1970); *United States v. Evans*, 365 F.2d 95, 97 (10th Cir. 1966).

3.  9 J. Moore, Federal Practice ¶ 110.11 (2d ed. 1970).

4.  Chapter 124, section 41(a) of the Session Laws provides: "All teachers, as defined in AS 14.20.207(1), in the communities or regional offices served by the State-Operated School System on the effective date of this Act and who have been *retained* for the 1975–76 school year are subject to the provisions of AS 14.20.-147." (Emphasis added.)

AS 14.20.147(a) provides in part, "When an attendance area is transferred from a currently operating district to, or absorbed into, a new or existing school district, the teachers for the attendance area also shall be transferred unless otherwise mutually agreed by the teacher or teachers and the chief school administrator of the new district."

properly dismissed on the grounds of res judicata. The doctrine of res judicata bars further claims by parties or their privies based on the same cause of action if there was a final judgment on the merits. Restatement (Second) of Judgments § 47 (1973).

 Wolansky's claims against the state in the present case are identical to the claims adjudicated in *Wolansky I*, and thus barred by the principles of res judicata. If Wolansky's damages in *Wolansky I* remain unpaid, his remedy is to bring an execution of judgment against the state. Alaska R.Civ.P. 69(a); AS 09.35.010.

Accordingly, the judgment of the trial court is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.

COMPTON, J., not participating.