## CITY OF PADUCAH, KENTUCKY, v. EAST TENNESSEE TELEPHONE COMPANY

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF KENTUCKY.

No. 246. Argued April 22, 1913.—Decided June 10, 1913.

The test of finality of a decree for the purposes of appeal to this court is the face of the decree itself, and unless it is final the appeal will not lie.

A decree which continues an injunction against a municipality unless

it adopts an ordinance specified therein *held* not final prior to the passage of the ordinance or declaration not to do so, and appeal dismissed as premature.

THE facts, which involve determining whether a decree of the Circuit Court of the United States is final and whether an appeal will lie therefrom to this court, are stated in the opinion.

*Mr. James Campbell, Jr.,* with whom *Mr. W. F. Bradshaw, Jr., Mr. A. Y. Martin* and *Mr. H. S. Corbett* were on the brief, for appellant.

*Mr. William L. Granbery,* with whom *Mr. Hunt Chipley* was on the brief, for appellee.

MR. JUSTICE LURTON delivered the opinion of the court.

The appellee has raised a question as to the finality of the decree from which this appeal was taken, and has moved that the appeal be dismissed as premature.

The motion must be granted.

From the bill it appears that a controversy had arisen concerning the legality of a "tax" in the nature of an annual rental for the privilege of maintaining upon the streets the poles which had been placed there by "permission" of the city, many years before, and also as to the character and duration of the "permission" under which the Telephone Company, or its predecessors, had placed and maintained the poles and wires upon the streets for the conduct of a telephone system. It also appeared from the bill and its exhibits that for the purpose of settling every question at issue an agreement was made between the parties, whereby the terms of a new ordinance were settled upon, under which ordinance the Telephone Company was to purchase a franchise at public sale, if

it should be the highest bidder, the terms of which should
be according to those arranged between the city and the
company, which terms were to be enacted into an ordinance
by the council. The company upon its part agreed to pay
to the city in full settlement of the controversy, as to the
pole rentals which had been imposed and of all other
questions, a certain sum, and to dismiss its litigation con-
cerning the same. The company made the payment and
it was accepted by the city. An ordinance was thereupon
passed, which granted to the company the right to main-
tain its poles and wires upon the streets for a term of
twenty years, and imposed conditions as to the maximum
charge for telephone service which the company claims
*were radically different from those which had been agreed
upon,* and which, the bill avers, were so unreasonably low
as to prevent a profitable conduct of its business. For
this reason it refused to accept the ordinance and reverted
to its original rights under the permission heretofore re-
ferred to, and such other rights as had resulted from its
long occupation of the streets with its poles and wires
with the acquiescence of the city. Thereupon, the city
council passed certain ordinances and resolutions and
gave certain notices which the bill claims constituted an
impairment of the company's contract and property
rights in the streets, in contravention of the contract and
due process clauses of the Constitution of the United
States. A temporary injunction was granted against
any action by the city interfering with the continuance
of the company's poles and wires upon the streets and the
conduct of its business as it had theretofore been carried
on.

The city answered, denying, in substance, that it had
entered into any such agreement as charged, and also its
authority to make such an agreement. It admitted the
receipt of the payment as charged and tendered its return,
with interest. Upon a final hearing the contention of the

Telephone Company was upheld. That part of the judgment appealed from is in these words:

"And the defendant, City of Paducah, having, as shown by the record, failed to carry out the agreement of compromise entered into between it and the complainant, though receiving parts of the proceeds of said compromise, the said City of Paducah, its officers, agents, employés and all other persons are hereby enjoined and restrained from interfering with or obstructing the complainant in operating a telephone exchange in said city and in connection therewith erecting poles and stringing wires thereon until the defendant city shall duly enact and put into force an ordinance in the exact form and of the exact substance agreed upon between the parties as set forth in the bill of complaint, and also until, under such ordinance, the franchise therein referred to has been fairly and in good faith offered at public sale and has fairly and in good faith been sold in the way therein provided for; but nothing herein shall be deemed or taken to interfere with the power of the defendant, City of Paducah, in all reasonable and proper ways to regulate such setting of poles and stringing of wires in the legitimate exercise of the police power of said city as affecting said telephone exchange and its appliances, nor shall anything herein be construed as prohibiting the said city from making rates for telephone service lower than those named in said ordinance, if it shall hereafter result that said rates yield to the complainant, or any other person who may purchase the franchise at the sale made pursuant to such ordinance, more than a fair return upon the reasonable value of the property at the time it is being used. It is the intention of this judgment to give to the City of Paducah the option of permitting the present status to remain perpetually or else to enact the agreed-upon ordinance and fairly to put it into force, and the court now reserves the right and the power to make any orders that may be needful not only

to enforce the injunction but also to meet any emergency that may arise should the city, in the exercise of such option, enact and put into force the ordinance referred to, and the case is held open for these purposes."

Thereupon the city, without exercising its option or making any declaration of a purpose not to enact the ordinance, appealed.

No time within which the city was to elect to pass the ordinance, carrying out the contract, which the court held it had made with the Telephone Company, was fixed by the decree. If that had been done the mere failure to take action within that time might well be held as a conclusive rejection of the option to carry out the agreement, and would have the effect of making final the decree maintaining the pre-contract status. *Tuttle* v. *Claflin*, 66 Fed. Rep. 7. This decree on its face is not final, and the test of finality for the purposes of review by this court by appeal is the face of the decree appealed from. If the city had elected to carry out its agreement, and had passed an ordinance in supposed accord with the decree, it must be accepted by the court as a compliance. Judge Evans foresaw that there might arise many questions out of an attempt to exercise the option, and therefore, reserved power to deal with them when they should arise. An affirmance of the decree by this court would require that the cause be remanded for further proceedings to make the decree final. The right to elect will remain open, and until exercised or renounced by the city will leave both parties in a state of suspension as to their rights and duties until further action is had. Such a decree being interlocutory, is not final for the purposes of appeal. *Grant* v. *Insurance Co.*, 106 U. S. 429; *Jones* v. *Craig*, 127 U. S. 213.

*This appeal must be dismissed as premature and the cause remanded for further proceedings.*