**ASSOCIATED STORES, INC., Appellant,**

v.

**INDUSTRIAL LOAN AND INVEST-MENT COMPANY, Appellee.**

**No. 8804.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 8, 1962.

Decided Jan. 7, 1963.

Howard E. Manning, Raleigh, N. C., in support of motion of appellee to dismiss appeal.

J. C. B. Ehringhaus, Jr., Raleigh, N. C., in opposition to motion.

Before SOBELOFF, Chief Judge, BRYAN, Circuit Judge, and BUTZNER, District Judge.

BUTZNER, District Judge.

Appellee moved to dismiss this appeal on the ground that notice of appeal was not filed within 30 days from the entry of judgment as required by Rule 73(a) Federal Rules of Civil Procedure.

The appeal will be dismissed, but not for failure to comply with Rule 73(a). The judgment is not final, and the appeal must be dismissed as premature.

The pertinent parts of the judgment are:

"It is ORDERED, ADJUDGED and DECREED as follows:

"1. That the defendant, Industrial Loan and Investment Company, have and recover of the plaintiff, Associated Stores, Inc., the sum of THREE HUNDRED FORTY THREE THOUSAND SIX HUNDRED TWO AND 37/100 ($343,602.37) DOLLARS with interest on the sum of THREE HUNDRED TWENTY FOUR THOUSAND ONE HUNDRED FIFTY THREE AND 18/100 ($324,153.18) DOLLARS of said amount at the rate of six per cent (6%) per annum from December 2, 1958, until paid.

"2. That the plaintiff, Associated Stores, Inc., have and recover of the defendant, Industrial Loan and Investment Company, the following amounts with interest at the rate of six per cent (6%) per annum from the dates set out after each amount:

"(a) FORTY FOUR THOUSAND ONE HUNDRED FIFTY FIVE AND 50/100 ($44,155.50) DOLLARS with interest from December 18, 1958.

"(b) THREE THOUSAND THREE HUNDRED FORTY EIGHT AND 46/100 ($3,348.46) DOLLARS with interest from January 5, 1959.

"(c) NINETEEN THOUSAND NINE HUNDRED EIGHTY ($19,980.00) DOLLARS, with interest from February 2, 1959.

"(d) ONE HUNDRED SIXTY TWO THOUSAND THREE HUNDRED TWENTY FIVE 38/100 ($162,325.38) DOLLARS and interest thereon in the sum of THIRTY FOUR THOUSAND THREE HUNDRED NINETY AND 26/100 ($34,390.26) DOLLARS calculated to January 25, 1962, and interest on ONE HUNDRED SIXTY TWO THOUSAND THREE HUNDRED TWENTY FIVE AND 38/100

($162,325.38) DOLLARS from January 25, 1962.

"(e) NINETEEN THOUSAND FOUR HUNDRED NINETY THREE AND 50/100 ($19,493.50) DOLLARS with interest from October 3, 1957.

"(f) FIFTY FOUR THOUSAND ONE HUNDRED EIGHTY FOUR AND 62/100 ($54,184.62) DOLLARS with interest from the date of this judgment.

"(g) THIRTY SEVEN THOUSAND TWO HUNDRED TWENTY FOUR AND 32/100 ($37,224.32) DOLLARS with interest from the date of this judgment.

"(h) The Court finds after computing the respective recoveries of the parties with interest thereon as set forth in Items (a) through (g) inclusive that the defendant is entitled to recover of the plaintiff the sum of NINE THOUSAND SIX HUNDRED THIRTY NINE AND 26/100 ($9,639.26) DOLLARS as of the date of this judgment.

"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon payment by Associated Stores, Inc., to Industrial Loan and Investment Company of the sum of NINE THOUSAND SIX HUNDRED THIRTY NINE AND 26/100 ($9,-639.26) DOLLARS with interest from the date of this judgment, Industrial will retransfer to Associated Stores, Inc., simultaneously with such payment, all conditional sales contracts, transmitted to Industrial by Associated upon which any customer's balances remain outstanding and at the same time Industrial will pay to Associated any sums collected by Industrial subsequent to January 25, 1962, on conditional sales contracts transmitted to Industrial by Associated together with interest thereon from date of collection to date of payment.

"Costs in this civil action, exclusive of allowances to the Special Master are taxed equally against the plaintiff and the defendant.

"This cause is retained for further orders and decrees."

Rule 54(a) Federal Rules of Civil Procedure defines "judgment" as including a decree and any order from which an appeal lies. Title 28 U.S.C. § 1291 provides, "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States * * *."

■■ "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). The test of finality for the purposes of review is the face of the decree. Paducah v. East Tenn. Tel. Co., 229 U.S. 476, 480, 33 S.Ct. 816, 57 L.Ed. 1286 (1913).

■ The judgment before us consists of four parts. In the first paragraph the Court adjudged that the defendant was entitled to recover from the plaintiff $343,602.37.

In the second paragraph, items (a) through (g), the Court adjudged that the plaintiff was entitled to recover from the defendant the sums therein set forth. These are in the nature of a credit against the amount mentioned in paragraph 1.

In the third part of the judgment, paragraph 2.(h), the Court computed the balance and rendered judgment for the defendant against the plaintiff in the sum of $9,639.26 "as of the date of this judgment". The judgment was entered May 28, 1962.

The fourth part of the judgment allowed additional credits to the plaintiff in an undetermined sum against the amount mentioned in paragraph 1. It thus appears from the face of the judgment that the amount the defendant is entitled to recover from the plaintiff has not been determined.

■ We are mindful that a decree may be final for the purposes of appeal even

though questions incidental to the main litigation are reserved for future determination. St. Louis I. M. & S. R.R. Co. v. Southern Express Co., 108 U.S. 24, 2 S.Ct. 6, 27 L.Ed. 638 (1883); Delta Drilling Co. v. Arnett, 186 F.2d 481 (6th Cir., 1950), cert. denied 340 U.S. 954, 71 S.Ct. 574, 95 L.Ed. 688 (1951).

This well established principle is, however, not applicable to the judgment before us. The District Court adopted and confirmed the Special Master's findings of fact and conclusions of law. Paragraph 2.(a), (b), (c), (e), (f), (g), of the judgment corresponds with the Special Master's conclusions of law set forth in his report in paragraph S.2(a), (b), (c), (e), (f), (g), with the exception of the date from which interest runs in paragraph 2.(a).

The Special Master, however, reported in paragraph S.2 that the plaintiff recover against the defendant "(d) all amounts received by Industrial representing collections and sales of machines made by Industrial since December 17, 1957, with interest from the date of each such receipt". The Court in paragraph 2(d) of the judgment computed these amounts to January 25, 1962, and used this sum as one of the factors to determine the credits allowed the plaintiff. Further in the decree the Court allowed additional credits accruing after January 25, in an undetermined sum.

Paragraph (d) of the Special Master's conclusions of law was divided in the judgment. Part of it was determined in dollars and cents, and part was left for future determination. It is obvious, however, that each part is concerned with the main litigation in the case and is not incidental thereto. There are not sufficient facts in the record for this Court to determine the amount of the credit accruing after January 25, 1962.

The appeal is premature and is dismissed.

This cause is remanded to the District Court for the entry of a final judgment.

Remanded.