VIL Laser Systems, L.L.C., Appellee, *v.* Shiloh
Industries, Inc., Appellant, et al.

[Cite as *VIL Laser Sys., L.L.C. v. Shiloh Industries,
Inc.*, 119 Ohio St.3d 354, 2008-Ohio-3920.]

(No. 2007–0996—Submitted March 26, 2008—Decided August 13, 2008.)

Lanzinger, J.

{¶ 1} This discretionary appeal was accepted on the issue of whether an order setting aside a jury verdict and giving the plaintiff a period of time to choose between a new trial on the issue of damages and remittitur is a final appealable order. We answer that it is not and hold that the time to file a notice of appeal does not begin until the plaintiff has exercised the choice or until the time for choosing has expired.

## I. Background

{¶ 2} This case began as an action for breach of contract filed by appellee VIL Laser Systems, L.L.C. ("VIL") against appellant Shiloh Industries, Inc. ("Shiloh"). The parties filed cross-motions for summary judgment, and the trial court granted summary judgment to VIL on liability. After a jury trial to determine damages, the jury awarded $2.29 million plus interest to VIL and against Shiloh.

{¶ 3} Shiloh filed a motion for judgment notwithstanding the verdict or for a new trial or, in the alternative, remittitur on the grounds that the jury's damage award was not supported by the evidence. On December 15, 2006, the trial court entered an order setting aside the jury's damage award and granting a new trial on damages or, in the alternative, reducing the judgment to VIL to $2,016,416.22 (including interest). The trial court's order gave VIL 14 days to accept the remittitur.[1] The order also stated that it was "an appealable order under R.C.

---

1. The order states: "Judgment shall be entered against Defendant Shiloh Industries, Inc. for Total Contract Damages in the amount of $1,580,568.52 upon consent of the Plaintiff. The Court grants

2505.02(B)(3)," the section of the statute that deems orders granting a new trial to be final. On December 29, VIL filed a written acceptance of this remittitur.

{¶ 4} After the acceptance of the remittitur, Shiloh filed a motion for an order nunc pro tunc to correct a mathematical error in the court's calculation of prejudgment interest. On January 16, 2007, the trial court entered an amended judgment, worded similarly to the earlier order, again giving VIL the choice of a remittitur, this time of $709,431.48 (for a total judgment of $1,881,396.16), or, in the alternative, a new trial on damages. The trial court's order also imposed a new 14–day window of time for VIL to make its choice.

{¶ 5} Shiloh appealed the trial court's judgment on January 25, 2007. VIL responded with a motion to dismiss the appeal on the basis that Shiloh's appeal had not been filed within 30 days after the trial court entered its order of December 15, 2006. The Third District Court of Appeals granted VIL's motion to dismiss Shiloh's appeal as untimely, holding that the 30–day appeal period began to run when the trial court filed the order granting a new trial on damages or, in the alternative, remittitur. We accepted this case as a discretionary appeal. Shiloh proposes that the order giving VIL a period of time to choose between remittitur and a new trial on damages was not a final appealable order. We agree.

## II. Law and Analysis

{¶ 6} The issue that we must determine is when the time for appeal begins to run from an order when the party is given a time frame to exercise a posttrial option. Shiloh argues that the appeal time should begin to run when the party exercises its choice and that its notice of appeal was therefore filed within the 30–day time limit because the December 15, 2006 order was not final and appealable until VIL agreed to the remittitur on December 29.

{¶ 7} Section 3(B)(2), Article IV of the Ohio Constitution states that appellate courts have jurisdiction only over judgments or final orders. R.C. 2505.02, which defines "final order," listed six orders that are final and appealable.[2] Shiloh contends that the December 15, 2006 order was not final under R.C. 2505.02(B)(1)

---

Plaintiff a new trial on damages, unless the Plaintiff files a notice of consent to the Contract Damages Amount of $1,580,568.52 within fourteen (14) days of the filing of this order. Prejudgment interest in the amount of $435,847.70 shall be added to the said Contract Damages Amount and included in the final judgment against Defendant Shiloh Industries, Inc."

2. {¶ a} R.C. 2505.02(B) was amended effective October 10, 2007, to add a seventh type of order. R.C. 2505.02(B) states:

{¶ b} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ c} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

or (B)(3), the only subsections at issue, while VIL claims that the order is final under R.C. 2505.02(B)(3). We will examine both sections.

## A. R.C. 2505.02(B)(1)

{¶ 8} Final orders include those orders that affect a substantial right and in effect determine an action and prevent a judgment. R.C. 2505.02(B)(1). For an order to determine the action, it must dispose of the merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court. *Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 113 Ohio St.3d 474, 2007-Ohio-2457, 866 N.E.2d 1059, ¶ 6. A judgment that leaves issues unresolved and contemplates further action is not a final, appealable order under (B)(1) unless the remaining issue is mechanical and involved only a ministerial task. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 20.

{¶ 9} Analyzing the order under R.C. 2505.02(B)(1), we hold that it was not final and appealable, because it did not determine the action. The court's December 15, 2006 order left a fundamental issue unresolved: the nature of the relief to be granted. Because the order gave VIL the option of a new trial on damages or, in the alternative, remittitur, this fundamental issue was resolved only when VIL eventually consented to the remittitur. At that point, the judgment became final and appealable.

## B. R.C. 2505.02(B)(3)

{¶ 10} VIL argues that the trial court's December 15 order was final and appealable under R.C. 2505.02(B)(3), which defines as final an order that "vacates

---

{¶ d} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶ e} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶ f} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ g} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ h} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ i} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶ j} "(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15, 2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and 5111.018, and the enactment of sections 2305.113, 2323.41, 2323.43, and 2323.55 of the Revised Code or any changes made by Sub. S.B. 80 of the 125th general assembly, including the amendment of sections 2125.02, 2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code;

{¶ k} "(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code."

or sets aside a judgment or grants a new trial." VIL argues that the December 15 order alternatively granted two of the remedies contemplated by R.C. 2505.02(B)(3) because it set aside the judgment and granted a new trial on damages. The trial court also specifically stated that the order was "an appealable order under 2505.02(B)(3)."

{¶ 11} If the trial court had simply granted a new trial, the order undoubtedly would have been a final appealable order. However, this court has held that a trial court cannot order remittitur without the plaintiff's consent. *Wightman v. Consol. Rail Corp.* (1999), 86 Ohio St.3d 431, 444, 715 N.E.2d 546; *Chester Park Co. v. Schulte* (1929), 120 Ohio St. 273, 290, 166 N.E. 186. When the trial court in this case issued its order, it explicitly stated that "[j]udgment shall be entered against Defendant Shiloh Industries, Inc. for Total Contract Damages in the amount of $1,580,568.52 *upon the consent of the Plaintiff.*" (Emphasis added.) Therefore, by the explicit terms of the trial court's order, judgment could not have been entered until VIL made a decision about the remittitur. The order was not final until the plaintiff elected either the new trial on damages or the remittitur, notwithstanding the trial court's language calling it final and appealable. R.C. 2505.02(B)(3) does not apply, because the trial court's order did not simply grant a new trial. The court granted a new trial contingent on VIL's election of a remedy at some future point.

{¶ 12} Although there are no Ohio court decisions addressing when an order offering a new trial or remittitur becomes final for purposes of appeal, federal courts have addressed such orders. A federal court order such as the one issued in this case is not final until (1) the plaintiff elects a remedy (or the time to choose expires) or (2) the court issues a judgment reflecting the remedy chosen. See *Paducah v. E. Tennessee Tel. Co.* (1913), 229 U.S. 476, 480, 33 S.Ct. 816, 57 L.Ed. 1286; *Jones v. Craig* (1888), 127 U.S. 213, 215–216, 8 S.Ct. 1175, 32 L.Ed. 147. See *Ortiz–Del Valle v. Natl. Basketball Assn.* (C.A.2, 1999), 190 F.3d 598, 600 ("Where the plaintiff elects the remittitur, the defendant's time for filing the notice of appeal runs from the date of entry of the amended judgment reduced as a result of the remittitur"); *Evans v. Calmar Steamship Co.* (C.A.2, 1976), 534 F.2d 519, 522; *Mauriello v. Univ. of Med. & Dentistry of New Jersey* (C.A.3, 1986), 781 F.2d 46, 49 ("The amount of the judgment was not fixed until plaintiff filed her consent, and at that point the time for appeal began to run. The notice of appeal was filed within 30 days of the plaintiff's acceptance, and therefore was timely"); *Howell v. Marmpegaso Compania Naviera, S.A.* (C.A.5, 1978), 566 F.2d 992, 993 ("acceptance of the remittitur rendered the judgment final and appealable, and actuated the 30–day time limit within which notice of appeal must be filed"); *Anderson v. Roberson* (C.A.6, 2001), 249 F.3d 539, 542 ("a district court order giving the plaintiff a choice between remittitur or a new trial is not a final, appealable order"). We think that the federal approach is logical and meets the

goals of finality of judgments and judicial economy. A posttrial order that sets forth a time frame for the exercise of an option by a party is not a final, appealable order until the party's choice is made or until the time for choosing has expired.

## III. Conclusion

{¶ 13} In light of the foregoing, we hold that an order allowing a plaintiff a period of time in which to choose between remittitur and a new trial on damages is not a final, appealable order.

{¶ 14} We therefore reverse the judgment of the Court of Appeals for Shelby County and remand the cause to that court.

Judgment reversed
and cause remanded.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, and O'DONNELL, JJ., concur.

PFEIFER and CUPP, JJ., dissent.

---

CUPP, J., dissenting.

{¶ 15} I respectfully dissent. The trial court order in question falls squarely within R.C. 2505.02(B)(3). That provision specifically defines a final, appealable order as one that "vacates or sets aside a judgment or grants a new trial." The trial court's order in this case did just that—it set aside the judgment and granted a new trial on damages.

{¶ 16} The order also gave the plaintiff the option of choosing remittitur in lieu of the new trial. However, there is nothing in the statute to indicate that this optional language somehow removed the order from the meaning of R.C. 2505.02. The order was still final and appealable even with the optional language because it disposed of the merits of the case and left nothing for the determination of the court. *Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 113 Ohio St.3d 474, 2007-Ohio-2457, 866 N.E.2d 1059, ¶ 6. The only remaining issue—plaintiff's consent to remittitur—was merely "mechanical" and involved only a "ministerial task." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 20. Accordingly, I believe that the court of appeals was correct to dismiss the appeal and cross-appeal as untimely. I would therefore affirm its judgment.

PFEIFER, J., concurs in foregoing opinion.

---

Faulkner, Garmhausen, Keister & Shenk, James L. Thieman, and Thomas J. Potts, for appellee.

Baker & Hostetler, L.L.P., Thomas D. Warren, Thomas R. Lucchesi, and Joslyn E. Kaye; and Wegman, Hessler & Vanderburg and Jeffrey W. Krueger, for appellant.